Jeffrey R. Lang, Kansas City, for appellants.

Nathalie Elliott, Kansas City, for respondent.

Before TURNAGE, P.J., and FENNER and SPINDEN, JJ.

FENNER, Judge.

Appellants, Dale and Marcia Latham, appeal the judgment of the trial court granting summary judgment in favor of respondent, Westport Land Properties, Inc. (Westport, Inc.).

The dispute herein arises from a lease agreement entered into between appellants as lessees, and Dennis Garberg, as lessor. The lease was entered into on or about November 9, 1990 for the rental of property at 607 Westport Road in Kansas City, Missouri. The initial term of the lease was for two

**WESTPORT LAND PROPERTIES, INC., Respondent,**

v.

**Dale and Marcia LATHAM, Appellants.**

No. WD 48680.

Missouri Court of Appeals, Western District.

May 10, 1994.

years from December 15, 1990 to December 14, 1992.

On October 30, 1991, Dennis Garberg conveyed the property in question to respondent, Westport, Inc. Appellants continued to make rent payments to Garberg up until March, 1992. Appellants did not make rent payments in March, 1992 or thereafter. Appellants further failed to pay the real estate taxes on the property as was required under the terms of the lease. Appellants vacated the property in the summer of 1992.

Westport, Inc. sought damages against appellants for rent for March, April and May of 1992, plus past due taxes in the total amount of $21,538.87, plus attorney fees and costs. The trial court entered summary judgment in favor of Westport, Inc.

Appellants argue on appeal that the trial court erred in granting summary judgment in favor of Westport, Inc. because Westport, Inc. was the purchaser of property subject to a prior lease and there was no allegation or proof of attornment from appellants.

Attornment is defined as follows:

Attornment is the act of a person who holds a leasehold interest in land, or estate for life or years, by which he agrees to become the tenant of a stranger who has acquired the fee in the land, or the remainder or reversion, or the right to the rent or services by which the tenant holds. It is an act by which a tenant acknowledges his obligation to a new landlord.

The agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed.

Black's Law Dictionary 130 (6th Ed.1990).

Generally, a purchaser of leased premises must allege and prove an attornment to him by the tenant before the purchaser may recover rent, and if the tenant refuses to pay rent or attorn to the purchaser of the reversion, the purchaser may only recover the possession of the premises. *Bess v. Griffin,* 234 S.W.2d 978, 980 (Mo.App. 1950).[1] However, it is competent for the parties to contract for a different result. *H.B. Oppenheimer & Co. v. Prudential Insurance Company of America,* 876 S.W.2d 629, 630 (Mo.App. WD 1994).

In the case at bar, the lease agreement between the parties contained a provision which provided that: "[t]he provisions, covenants and conditions of this lease shall bind and inure to the benefit of the legal representatives, heirs, successors and assigns of each of the parties hereto, except that no assignment or subletting by LESSEE without the written consent of LESSOR shall vest any right in the assignee or sublessee of the LESSEE."

By the terms of the lease, which were incorporated into the petition herein, appellants agreed to be bound to the benefit of the successors and assigns of Dennis Garberg, *i.e.,* Westport, Inc. Therefore, because the parties contracted otherwise, it was not necessary for Westport, Inc. to allege and prove attornment after the transfer of title.[2]

The judgment of the trial court is affirmed.

All concur.

---

1. *Bess v. Griffin* references sections 6901–6903, RSMo 1919, which are the predecessor statutes to sections 535.020–535.040, RSMo 1986.

2. Additionally, section 441.130, RSMo 1986, allows for an owner to assign his estate or the right to recover rent thereafter and for the assignee to be entitled to recover rent without need for attornment.